# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA HAWKINS,<br><br>          Plaintiff,<br>  vs.<br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. CV 05-0345 (RNB)<br><br>MEMORANDUM OPINION DENYING PLAINTIFF'S APPLICATION FOR AWARD OF EAJA FEES; AND ORDER THEREON |

     Now pending before the Court and ready for decision is plaintiff's Application for Award of Attorneys Fees Under the Equal Access to Justice Act ("EAJA").

     In its opposition to the fee application, the Government does not contend that plaintiff's fee petition was untimely, or challenge plaintiff's status as a prevailing party. Instead, the Government contends that plaintiff's fee application should be denied in its entirety because the Commissioner's position was substantially justified. Alternatively, the Government contends that, if EAJA fees are to be awarded, the fee award requested by plaintiff should be reduced because the hours plaintiff's counsel claims to have expended are excessive and not reasonable.

//
//
//

## DISCUSSION

The EAJA provides in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The United States Supreme Court has found that the statutory phrase "substantially justified" means justified in substance or in the main, and that this interpretation of the phrase is equivalent to the formula adopted by the Ninth Circuit Court of Appeals, i.e., a reasonable basis both in law and fact. See Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 181 L. Ed. 2d 490 (1988).

The term "position" includes the underlying agency action and the legal position of the Government during litigation. Andrew v. Bowen, 837 F.2d 875, 878 (9th Cir. 1988). The burden is on the Government to prove substantial justification. Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987). However, Congress has made it clear that there is no presumption that the Government's position was not substantially justified merely because it lost the case (see S. Rep. No. 96-253, 96th Cong., 1st Sess. 7 and H.R. Rep. No. 96-418, 96th Cong., 2d Sess. 11, reprinted in 1980 U.S. Code Cong. & Ad. News 4953, 4490). See also United States v. Marolf, 277 F.3d 1156, 1162 (9th Cir. 2002); Kali v. Bowen, 854 F.2d 329, 334 (9th Cir. 1988).

Here, with respect to the four disputed issues raised in the Joint Stipulation, the Court concurred with the Commissioner's position as to the first, the third, and the

fourth. Indeed, the Court found that plaintiff's counsel had done a wholly inadequate job of briefing the third and fourth disputed issues. Instead of explaining to the Court the basis for plaintiff's contentions with respect to those issues, plaintiff's counsel had merely provided boilerplate citations to legal standards and made conclusory assertions.

With respect to the second disputed issue, the Court concurred with the Commissioner's position in part. However, based on the reasoning of the district court in Kokal v. Massanari, 163 F. Supp. 2d 1122 (N.D. Cal. 2001) and the same kinds of equitable considerations cited by the Eighth Circuit in Ingram v. Barnhart, 303 F.3d 890, 894 (8th Cir. 2002), the Court concluded that reversal was warranted based on the ALJ's failure to consider plaintiff's obesity under former Listing 9.09, which had not been in effect at the time of the last administrative hearing but had been in effect (a) when plaintiff first filed her benefits applications on February 5, 1993, (b) when the first ALJ decision was issued on August 25, 1995, (c) when the Court issued its remand order pursuant to the stipulation of the parties on April 23, 1997, (d) when the Appeals Council issued its first remand order, following the stipulated remand, on May 21, 1997, (e) when the second ALJ decision was issued on October 17, 1998, and (f) when the Appeals Council issued its second remand order on August 17, 1999.

In reaching this conclusion, the Court acknowledged the contrary decision in Keenan v. Barnhart, 375 F. Supp. 2d 1335 (W.D. Okla. 2003). There, the district court concluded that the Commissioner had reasonably applied to pending cases her rule deleting the former listing for obesity and adopting revised medical criteria.

Taken as a whole, the Court finds in this instance that the Commissioner's position at the administrative level and during the litigation of this action, while not correct, was substantially justified in that it had a reasonable basis in both law and fact. See Utu Utu Gwaitu Paiute Tribe, Etc. v. Dept. of the Interior, 773 F. Supp. 1383, 1388 (E.D. Cal. 1991) (declining to award attorney fees under the EAJA for the one issue on which the court had found the Government's position to not be

1  substantially justified).
2       The Court's finding with respect to the substantial justification issue renders it
3  unnecessary at this time for the Court to reach the Government's alternative contention
4  that the hours plaintiff's counsel claims to have expended are excessive and not
5  reasonable.

**ORDER**

Plaintiff's Application for Award of Attorneys Fees Under the Equal Access to Justice Act therefore is DENIED.

DATED:   June 13, 2006

                                  /s/
                            ROBERT N. BLOCK
                            UNITED STATES MAGISTRATE JUDGE